In 2005, following a jury-waived trial, a Superior Court judge found the defendant guilty of unlawful possession of a firearm.[2] We affirmed that judgment in an unpublished memorandum and order. Commonwealth v. Farrow, 71 Mass. App. Ct. 1103 (2008).[3] In 2016, a different Superior Court judge denied the defendant's motion for new trial after holding an evidentiary hearing. Before us now is the defendant's appeal of that order. We affirm.
Background. During a police chase on foot, the defendant tossed the firearm in question onto the roof of a nearby home. After the gun was retrieved, a ballistician (original ballistician) tested its operability. Although the firing pin of the gun was broken, the gun was able to be fired after the pin was replaced. Because the original ballistician had retired by the time of trial, a second ballistician (substitute ballistician) testified instead. While the substitute ballistician had not been present when the original ballistician had installed a new firing pin, he had examined the gun, the broken firing pin, and the available documentation, and had fired the gun prior to trial. He testified as an expert witness that replacing a broken firing pin in this type of gun is easy to do; according to him, "all it takes is a very small screwdriver and some small bit of manual dexterity." The expert testified in detail about how such a repair would be made.
In his prior direct appeal, the defendant challenged the sufficiency of the evidence of operability. With the substitute ballistician's having testified that the gun could be fired after a simple repair, we held that the evidence of operability was sufficient. See Farrow, 71 Mass. App. Ct. at 1103. See also Commonwealth v. Prevost, 44 Mass. App. Ct. 398, 403 (1998), citing Commonwealth v. Bartholomew, 326 Mass. 218, 219 (1950) (replacing firing pin is simple repair).
At the evidentiary hearing on the new trial motion, the Commonwealth presented the testimony of a third ballistician (the substitute ballistician himself having retired). He provided very similar testimony to that given by the substitute ballistician at trial. In addition, the third ballistician demonstrated the simplicity of replacing the firing pin on the gun in front of the judge. The motion judge expressly credited the third ballistician's testimony and made the following findings regarding the ease of the repair:
"The repair here, involving no more than inserting a screwdriver (or, as demonstrated in the courtroom, a ballpoint pen) into the release mechanism at the rear of the gun, which permits the slide to be raised and the firing pin removed and replaced, is not the sort of repair that seemingly involves any particular degree of expertise or sophistication. Indeed, one is challenged to imagine an easier repair."
A ballistician presented by the defendant also testified at the motion hearing. The judge stated that he did not believe that the defense expert's testimony, "if offered at trial, would have made an[y] difference on the objective determination of whether replacing a firing pin constitutes more than a 'slight repair.' "
Discussion. We review the denial of a motion for new trial for "an abuse of discretion or other error of law." Commonwealth v. Murphy, 442 Mass. 485, 499 (2004). The defendant claims that the judge erred in three respects, which we address in turn.
a. Confrontation clause. The defendant's lead argument is that the Commonwealth's use of a substitute expert caused a violation of his rights under the confrontation clause of the Sixth Amendment to the United States Constitution.[4] See Commonwealth v. Nardi, 452 Mass. 379, 392-394 (2008) (medical examiner could not testify on direct as to autopsy findings made by nontestifying doctor). However, the substitute ballistician here testified that the gun worked based on his own test firing of it. His testimony that the original firing pin included in the evidence bag was broken was also based on his own observations. Similarly, he testified to his opinion about the ease with which firing pins can be replaced on this type of gun based on his own knowledge, including his training and experience, not on any findings or opinions of the original ballistician. Such testimony therefore created no confrontation clause problem. See Commonwealth v. Barbosa, 457 Mass. 773, 783-784 (2010) ("Where a Commonwealth expert testifies as to her own opinion, the opinion is not hearsay, because the declarant of the opinion is testifying at trial"). Cf. Nardi, 452 Mass. at 392.
At oral argument, the defendant was hard pressed to identify any findings or statements by the original ballistician that effectively were admitted by the substitute ballistician's testimony. The fact that the gun would not fire when it first came into police custody is one that was entirely in the defendant's favor and one that would have come out in cross-examination in any event. The introduction of that fact therefore could not have caused a significant risk of a miscarriage of justice. See id. at 395-396 (even though it was error for medical examiner to testify on direct examination as to autopsy findings made by nontestifying doctor, this did not create substantial risk of miscarriage of justice where findings were helpful to defendant).
That leaves consideration of the propriety of the expert's testimony that the original ballistician replaced the firing pin. The substitute ballistician testified that he had gleaned this fact from "an indication on the [evidence] envelope that it said: broken firing pin replacement in the weapon." Assuming arguendo that the defendant had a basis to object to the substitute ballistician's testifying to that fact on direct examination, we conclude that any error from its admission did not cause a substantial risk of a miscarriage of justice. The defendant has never contested the fact that the firing pin needed to be repaired, which is not surprising given that this fact was in the defendant's favor. Rather, the key factual dispute was over the ease with which such a repair could be done. On that issue, the substitute expert testified from his own knowledge and was fully available for cross-examination.[5]
b. Daubert/Lanigan hearing. The defendant also argues that the second ballistician's testimony should not have been allowed without a Daubert-Lanigan hearing.[6] This argument requires little discussion. Because the defendant did not make such a request in a pretrial motion (or, for that matter, at trial), he waived the issue. See Barbosa, 457 Mass. at 783. In any event, a Daubert-Lanigan hearing generally is not required where, as here, courts have "previously admitted expert testimony of the same type, where the testimony is offered for the same purpose, and where there is no factual issue as to whether the expert is qualified, whether the appropriate methodology has been followed, or whether the quality of the evidence is sufficient to permit an opinion." Commonwealth v. Pytou Heang, 458 Mass. 827, 845 (2011). In sum, the trial judge cannot be faulted for not holding a Daubert-Lanigan hearing where one was neither requested nor required.
c. Ineffective assistance. Finally, the defendant argues that his trial counsel was constitutionally ineffective for not retaining a ballistician prior to trial. To make out a claim of ineffective assistance, a defendant must demonstrate (1) that his counsel's conduct fell "measurably below that which might be expected from an ordinary fallible lawyer," and (2) that it "likely deprived [him] of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). Here, the defendant has not satisfied either prong. As to the first prong, the judge accepted trial counsel's explanation that his decision not to pursue his own expert was the product of a deliberate strategic choice.[7] "Where an ineffective assistance of counsel claim is based on a tactical or strategic decision, we find error only if the decision was manifestly unreasonable when made." Commonwealth v. Field, 477 Mass. 553, 556 (2017), citing Commonwealth v. LaCava, 438 Mass. 708, 713 (2003). The defendant has not demonstrated that the decision to forego hiring a ballistician was "manifestly unreasonable."
As to the second Saferian prong, the motion judge-having heard the testimony of the ballistician that the defendant eventually retained-concluded that this would not have made a difference at trial. We have no valid reason to question that conclusion. It follows that even were defense counsel's decision not to pursue a ballistician considered deficient, this did not deprive his client of an "otherwise available, substantial ground of defence."
Conclusion. We discern no abuse of discretion or other error in the motion judge's denial of the defendant's motion for new trial. Accordingly, we affirm the order denying that motion.
So ordered.
Affirmed.

The defendant also was convicted of unlawful possession of ammunition. That conviction is not at issue in the current appeal. The defendant was acquitted of resisting arrest.

The Supreme Judicial Court denied further appellate review. See 451 Mass. 1102 (2008).

It is uncontested that the defendant waived the confrontation clause argument, not having raised it at trial (or, for that matter, during his initial appeal). See Commonwealth v. Amirault, 424 Mass. 618, 641 (1997), quoting from Smith, Criminal Practice and Procedure §§ 2070, 2084 (Supp. 1996) ("It is clear that the doctrine of waiver 'applies equally to constitutional claims which could have been raised, but were not raised on direct appeal or in a prior motion for a new trial' "). Therefore, our review is limited to whether any error caused a substantial likelihood of a miscarriage of justice. See ibid.

To some extent, the defendant appears to be arguing that it was not enough for a ballistician to speak to how easy it is in general to replace a firing pin on this sort of gun; he suggests instead that there needed to be testimony about the ease of the actual replacement done here. This is not a confrontation clause argument but a sufficiency argument, and the sufficiency of the Commonwealth's proof was already addressed by the earlier appeal.

See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993) ; Commonwealth v. Lanigan, 419 Mass. 15 (1994).

As the judge found, defense counsel settled on a strategy that through cross-examination and argument, he would seek to establish "that the replacement of a firing pin, while relatively easy for a trained and experienced ballistician with access to replacement parts, might not be so simple to an unlicensed and untrained individual in the defendant's position." He also was concerned about his hiring a ballistician "alerting the prosecutor to his challenge to the operability of the firearm to avoid an effort by the prosecutor to introduce other act evidence (that the firearm was connected to a shooting several days earlier)." Assuming arguendo that the defendant is correct that his trial counsel could have taken the minimal step of consulting an expert without disclosing this consultation to the Commonwealth, we remain unconvinced that the defendant has shown that counsel's failure to take that action fell "measurably below that which might be expected from an ordinary fallible lawyer."